IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN P.P.,

Petitioner,

vs.

WARDEN, CALIFORNIA CITY DETENTION, *et al.*,

Respondents.

Civil No. 1:26-cv-04759-MWJS

ORDER GRANTING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS IN PART

A# 213-218-793

**ORDER GRANTING FIRST AMENDED PETITION FOR A WRIT OF HABEAS CORPUS IN PART**

Petitioner Ruben P.P.[1] is an immigration detainee proceeding with a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 12.

Upon entering the country in October 2019, Petitioner was detained by immigration authorities. *Id.* at pg. 9. The Department of Homeland Security (DHS) initiated expedited removal proceedings against Petitioner, an asylum officer made a negative credible-fear determination, and that determination was affirmed by an immigration judge in January 2020. *Id.* at pgs. 9–10. The immigration judge referred the matter back to DHS for removal. *Id.* at pg. 10.

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

After Immigration and Customs and Enforcement (ICE) was unable to remove Petitioner to his country of origin, ICE released him under an order of supervision in March 2021. *Id.* at pg. 10. More than four years later, Petitioner was arrested on misdemeanor charges for allegedly defrauding an innkeeper and resisting an officer. *Id.* On December 1, 2025, ICE issued a notice of revocation of release, stating that it was "appropriate to enforce [Petitioner's] removal order." Dkt. No. 7, at pg. 36. Petitioner has been in ICE custody ever since.

Petitioner filed the original petition on June 22, 2026. Dkt. No. 1. That same day, while still unable to remove Petitioner to his country of origin, *see* Dkt. No. 7, at pg. 10, ICE informed Petitioner that it intended to remove him to a third country, *id.* at pg. 39. Petitioner has not consented to removal to that third country. *Id.* at pg. 11.

After the court appointed counsel, Petitioner filed a first amended petition. Dkt. No. 12. In his amended petition, Petitioner argues, among other things, that Respondents failed to comply with governing regulations when they revoked his release and re-detained him. *Id.* at pgs. 15–18. Rather than addressing these arguments, Respondents rely entirely on their answer and opposition to the original petition. Dkt. 13. In that document, Respondents argue that Petitioner has a final order of removal and is therefore subject to detention under 8 U.S.C. § 1231(a)(6). Dkt. No. 7, at pgs. 3–8. They further argue that Petitioner has not met his burden, under *Zadvydas v. Davis*,

533 U.S. 678 (2001), of demonstrating that there is no significant likelihood of his removal in the reasonably foreseeable future.[2] *Id.* at pg. 4.

But *Zadvydas* is not the only legal standard that applies here, as there are also binding regulations in place. And two sections of those regulations are implicated here. In general, 8 C.F.R. § 241.4(l) governs how and when ICE may re-detain a noncitizen who was previously detained, ordered removed, and then released under an order of supervision. Where ICE releases a noncitizen after finding that there is no significant likelihood of removal in the reasonably foreseeable future, however, the processes for re-detaining the noncitizen are set forth in 8 C.F.R. § 241.13(i).

In his amended petition, Petitioner contends that Respondents failed to comply with either of these regulatory sections. Dkt. No. 12, at pgs. 15–18. With regard to 8 C.F.R. § 241.4(l), Petitioner alleges that: (1) he did not receive notice of the reasons for any revocation under 8 C.F.R. § 241.4(l)(1), nor was he provided the required informal interview to respond to those reasons; (2) his revocation did not comply with 8 C.F.R. § 241.4(l)(2); and (3) the review required by 8 C.F.R. § 241.4(l)(3) never occurred. Regarding 8 C.F.R. § 241.13(i), Petitioner alleges that Respondents did not comply with

---

[2] Although Respondents' briefing takes for granted that *Zadvydas* applies, numerous district court judges have concluded that *Zadvydas*' burden-shifting framework does not apply when, as here, a noncitizen was detained, released under an order of supervision, and later re-detained. *See, e.g.*, *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1163 (E.D. Cal. 2025). The resolution of this case does not turn on which standard applies, however, because Respondents do not dispute Petitioner's assertion that they failed to satisfy their regulatory obligations.

8 C.F.R. § 241.13(i)(3). That paragraph requires that a noncitizen be notified of the reasons for his revocation and provided an opportunity to respond in an informal interview.

"ICE, like any agency, has the duty to follow its own federal regulations." *Banos-Jiron v. Lyons*, No. 1:26-cv-00716-KES-CDB (HC), 2026 WL 972527, at *5 (E.D. Cal. Apr. 10, 2026) (citation modified). And "where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute, like the opportunity to be heard, and ICE fails to adhere to it, the challenged action is invalid." *Id.* (citation modified). Thus, "[w]hen the government has not disputed a petitioner's assertion that ICE never provided an informal interview, courts have found this violation alone to be sufficient grounds for habeas relief and ordered the petitioner's immediate release." *Id.* at *6 (citation modified).

Respondents' answer and opposition to the original petition, Dkt. No. 7, on which they again rely to oppose the amended petition, Dkt. No. 13, does not address any of the alleged regulatory violations described above, including those based on a failure to provide Petitioner with an informal interview. Given that Respondents have chosen not to contest their alleged failure to abide by the governing regulations, Petitioner is entitled to habeas relief.

IT IS HEREBY ORDERED that the first amended petition for a writ of habeas corpus, Dkt. No. 12, is GRANTED to the extent Petitioner argues in Counts Two

through Five that his re-arrest and re-detention were unlawful. Considering the foregoing, the court does not reach the amended petition's other counts.

Respondents are ORDERED to immediately release Petitioner Ruben P.P. (A# 213-218-793) from their custody under the conditions of his most recent order of supervision. Respondents are ENJOINED from re-arresting or re-detaining Petitioner absent compliance with all applicable constitutional, statutory, and regulatory procedures—including those described in 8 C.F.R. §§ 241.4 and 241.13.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED: July 29, 2026, at Honolulu, Hawai‘i.

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge